

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. BRIAN WALLACE TAKEN ALIVE, Defendant. | 1:23-CR-10032-3-CBK ORDER ON MOTIONS FOR SEVERANCE |
|---|---|

Defendant Brian Wallace Taken Alive, along with Nathaniel B. Griffin and a third defendant, were indicted and charged with first degree burglary and two counts of assault with a dangerous weapon. The third defendant was also charged with witness tampering. Defendant Taken Alive has filed a motion to sever his trial from his co-defendants. Defendant Griffin has filed a motion to join in the motion to sever.

Pursuant to Fed. R. Crim. P. 8(b), joinder of defendants in an indictment is proper "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993). In this case, the three defendants are charged in the indictment with having committed the identical crimes – first degree burglary and two counts of assault with a dangerous weapon, all occurring on July 5, 2023. The third defendants is alleged to have intimidated, threatened, or corruptly persuaded one of the assault victims with the intent to hinder, delay, or prevent her from reporting the crime to authorities two days after the assault. There is no question that these defendants were properly joined pursuant to Rule 8(b).

Pursuant to Fed. R. Crim. P. 14(a), the district court may sever the trial of co-defendants if joinder "appears to prejudice a defendant." "In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." United States v. Adkins, 842 F.2d 210, 211 (8th Cir. 1988). Defendant Taken Alive contends that joinder would result in a violation of his constitutional right of confrontation in violation of Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968).

> The Confrontation Clause of the Sixth Amendment, extended against the States by the Fourteenth Amendment, guarantees the right of a criminal defendant "to be confronted with the witnesses against him." The right of confrontation includes the right to cross-examine witnesses. Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand.

Richardson v. Marsh, 481 U.S. 200, 206, 107 S. Ct. 1702, 1706–07, 95 L. Ed. 2d 176 (1987) (internal citations omitted). "In Bruton, the Supreme Court held that 'a defendant is deprived of his rights under the Confrontation Clause when his nontestifying codefendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant.'" United States v. Ali, 799 F.3d 1008, 1024–25 (8th Cir. 2015) (*quoting* Richardson v. Marsh, 481 U.S. 200, 201–02, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)).

Defendant Taken Alive contends that defendant Griffin gave statements to an F.B.I. special agent wherein Griffin stated that he was at the scene of the crimes, did not participate in the assault, and implicated Taken Alive as having committed the burglary (kicked the door in) and having "beat the dude up." The government has responded to the motions to sever, affirming that, on September 25, 2023, defendant Griffin made statements to FBI S.A. Hinkes after Griffin's arrest on the indictment during transport, which statements were as set forth by defendant Taken Alive in the motion to sever. The Confrontation Clause concern is that if, in a joint trial, Griffin does not testify but Griffin's statements are admitted into evidence through the testimony of S.A. Hinkes, defendant Taken Alive would be denied the ability to cross-examine Griffin.

2

The government contends that the motions to sever trial are premature. Defendant Griffin has filed a motion to suppress his statements. If that motion is granted, defendant Griffin's statements would not be admitted at trial. Defendant Griffin failed to appear for the November 17, suppression hearing and a warrant was issued for his arrest. He was arrested November 30, 2023. The suppression hearing has not yet been rescheduled. The government further contends that severance is premature because plea negotiations with defendant Griffin are ongoing and the third defendant has not yet been apprehended.

Defendant Taken Alive has filed a motion for a continuance of the January 9, 2024, trial date. The government does not object to a continuance. Counsel for defendant Griffin filed a letter of objection to a continuance because, due to Griffin's absence, counsel had been unable to consult with Griffin as to a continuance.

Given the uncertainty as to whether defendant Griffin's statements will be admissible, the absence of the third defendant, and the current uncertainty as to the trial date, the Court agrees that the motions to sever are premature.

Now, therefore,

IT IS ORDERED that the motions, Doc. 52 and 57, to sever are denied.

DATED this 4th day of December, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge